[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR DISMISSAL
The defendant requests this court to dismiss this action which has been brought by authority of Connecticut General Statutes 52-592 — known as the accidental failure of suit statute. This statute allows a plaintiff to commence a new action ". . .for the same cause at any time within one year after the determination of the original action. . . ."
The defendant claims inter alia, that the predecessor action was dismissed on June 22, 1990 for failure to prosecute and that since the plaintiff ". . .commenced the new action at the earliest, one year and two days after the final judgment in the previous action", this new action was brought untimely. Citing Lacasse v. Burns, 214 Conn. 464 (1990), the plaintiff argues that the writ, summons and complaint were delivered to the sheriff within fifteen days of the time limit by law to bring this new action and that service was made within the 15 day period authorized by Connecticut General Statute 52-593a.
Although a review of the sheriff's return discloses service of the writ, summons and complaint on June 25, 1991, missing from the return is the affidavit made manifest by the following language of Connecticut General Statutes 52-593a(b):
 In any such case [service within the 15-day grace period] the officer making service shall endorse under oath on his return the date of delivery of the process to him for service in accordance with this section.
Clearly, a ruling on the motion for dismissal must await the filing of a supplemental sheriff's return, under oath, and, if necessary, the taking of testimony to determine whether this new action commenced within the time limited by Connecticut General Statutes 52-592. CT Page 7142
CLARANCE J. JONES, JUDGE